ORDER (Regarding Settlement Conference)
TODD R. MATHA, Chief Judge.
INTRODUCTION
The Court has informed the non-presiding judge, Chief Judge Todd R. Matha, of the scheduled September 19, 2005 Settlement Conference. This judge recognizes the obvious merit in convening a mediation session, but respectfully questions the authority of the General Council’s legal representative to accept settlement terms. In the absence of such conferred authority, this Judge questions the appropriateness of entertaining settlement at this juncture.
APPLICABLE LAW
CONSTITUTION OF THE HO-CHUNK NATION
Art. Ill—Organization of the Government
Sec. 3. Separation of Functions. No branch of government shall exercise the powers and functions delegated to another branch.
Art. IV—General Council
Sec. 3. Powers Retained by the General Council.
(a) The General Council retains the power to set policy for the Nation.
(b) The General Council retains the power to review and reverse actions of the Legislature except those enumerated in Section 4 of this Article. The General Council shall return such reversals to the Legislature for reconsideration consistent with the action of the General Council. The General Council retains the power to review and reverse decisions of the Judiciary which interpret actions of the Legislature. The General Council does not retain the power to review and reverse decisions of the Judiciary which interpret this Constitution.
Sec. 5. Annual Meetings. The People shall meet in General Council at least one time each year, which shall be called by the President, and at other times provided in Section 6 of this Article. Notice shall be provided by the President for all Annual Meetings of the General Council.
Art. VI—Executive
Sec, 2. Powers of the President. The President shall have the power:
*205 (1) To execute, administer, and enforce the laws of the Ho-Chunk'Nation necessary to exercise all powers delegated by the General Council and the Legislature, including but not limited to the foregoing list of powers.
An. VII—Judiciary
Sec. 7. Powers of the Supreme Court.
(b) The Supreme Court shall have the power to establish written rules for the Judiciary, including qualifications to practice before the Ho-Chunk courts, provided such rules are consistent with the laws of the Ho-Chunk Nation.
DEPARTMENT OF JUSTICE ESTA-BÍSHMENT AND ORGANIZATION ACT OF 2001, 1 HCC § 8
Subsec. 3. Mission. The Ho-Chunk Nation Department of Justice shall protect the legal rights and interests of the Nation and the collective rights and interests of Tribal Members. I doing so, the Department shall safeguard the interests of the Nation, enhance the sovereignty o the Nation, and exercise stewardship over those resources committed to it by the Nation an foreign jurisdictions.
Subsec. 4. Functions. The Department of Justice shall:
a. Defend the sovereignty of the Ho-Chunk Nation.
b. Provide expert legal advice and competent representation for all Branches of the Nation on those matters that concern the Nation’s interests and welfare.
c. Represent the Nation in Tribal, State, and Federal forums.
d. Coordinate all available and necessary professional resources required to carry out its mission.
HO-CHUNK NATION PLANNING COMMITTEE ESTABLISHMENT ACT, 1 HCC § 15 [1]
Subsec. 2. Purpose. This Act establishes and organizes a Planning Committee to assist the Office of the President with the logistical and administrative planning of a duly called General Council Meeting.
*206 Subsec. 3. Power. The Planning Cum-mittee shall be vested solely with , the singular power t plan and prepare for Annual and Special Meetings of the General Council.
Subsec. 4. Functions.
a. Once the President announces the date, time, and location/site of a duly called General (’ouncil Meeting, the Planning Committee shall make the necessary arrangements at that location, i.e., room reservations, food preparation, seating, cleanup, and any further preparation deemed necessary for the planning of a General Council.
b. The General Council, upon reaching the necessary quorum of twenty (20) percent shall establish the General Council agenda. The Planning Committee has no independent authority to set the General Council agenda and no authority to change the location of the General Council without the consent of the President.
Subsec. 7. Meetings.
a. The Planning Committee shall only conduct meetings after the President has determined a date, time, and location/site for the General Council.
b. The time period that the Planning Committee can exercise its authority is upon the announcement by the President óf a Genera] Council Meeting, but not more than the 45-day period immediately prior to the date of the General Council Meeting, and the 30-day period immediately after that General Council Meeting. During this period the Committee shall plan, prepare for, and facilitate the General Council and to reconcile Committee finances.
Subsec. 9. General Council. The role of the Planning Committee during the conduct of a General Council shall be limited to ensuring that the logistics and administrative support is provided for as planned.
HO-OHCNK NATION RULES OF Jl I)IOJAL ETHICS
Art. IV—Diligence and Impartiality
Sec. 4-2. Conflict of Interest/Recusal.
(A) A judge or justice shall recuse him/herself in any matter before the court in which he or she has a direct personal or financial interest pursuant to HCN Constitution, Article VII, Section 13.
1. Direct Personal Interest is defined as, but not limited to the following:
(b) The judge or justice has a personal bias or prejudice concerning a party; or personal knowledge of disputed evi-dentiary facts;
(B) A judge or justice may recuse him/herself on his or her own discretion to avoid the appearance of impropriety.

Comment: The HCN Rules of Appellate Procedure at Rule j allow judges and. justices to make a. discretionary recusal.

(C) At the judge or justice’s discretion, if there is a fact or issue which may require a disclosure to prevent the appearance of impropriety, that information must be disclosed to the parties. If the parties do not respond in the form of a Motion for Recusal, there is no basis for the judge or justice to recuse.

Comment: A judge or justice may discern that certain facts or information should be provided to the parties hr a case to avoid an appearance of impropriety. Examples are extended family relationships, attorney-client relationships, working relationships and situations which may raise an appearance of impropriety.

(D) A judge or justice may be recuse upon a Motion for Recusal by the party(ies) to avoid the appearance of impropriety.

Comment: Judges and justices null need to seriously consider recusals. Hour 
*207
ever, a judge or justice should look to case law and the HCN Constitution in determining whether recusal is warranted. Such factors as remoteness in time, the 'wishes of the parties, [and! the level of impropriety may be considered, in 'making recusal decisions.

RULES OF PROFESSIONAL CONDUCT FOR ATTORNEYS
SCR 20:1.2. Scope of Representation.
(a) A lawyer shall abide by a client’s decisions concerning the objectives of representation, subject to paragraphs (c), (d) and (e), and shall consult with the client as to the means by which they are to be pursued. A lawyer shall inform a client of all offers of settlement and abide by a client’s decision whether to accept an offer of settlement of a matter. In a criminal case or any proceeding that could result in deprivation of liberty, the lawyer shall abide by the client’s decision, after consultation with the lawyer, as to a plea to be entered, whether to wmive jury trial and whether the client wall testify.
(c) A lawyer may limit the objectives of the representation if the client consents after consultation.
FINDINGS OF FACT
1. The parties received proper notice of the September 1, 2005 Pre-Trial Conference.
2. The presiding judge makes the following discretionary disclosure to avoid the appearance of impropriety. See Ho-Chunk Nation Rules of Judicial Ethics, § 4-2(C). The plaintiff, Dallas R. White Wing, is the maternal uncle {lega) of the presiding judge’s spouse, Katie A. Fun-maker-Matha.
3. On August 31, 1996, the Ho-Chunk Nation Supreme Court adopted the State of Wisconsin Rides of Professional Conduct for Attorneys. In Re Adoption of Rules of Prof'l Conduct for Att’ys (HCN S.Ct., Aug. 31, 1996).
4. On September 1, 2005, the plaintiff requested “an additional thirty (30) days to try to mediate a resolution of this issue . .. with respect to the pow'ers of the General Council.. .. ” Pre-Trial Conference (LPER, Sept. 1, 2005, 01:49:32 CDT).
5. On September 1, 2005, the Court notified the parties that the designated agents attending the September 19, 2005 Settlement Conference must possess full settlement authority. Id., 02:09:41 CDT.
6. On or before September 14, 2005, the parties must submit settlement briefs to the non-presiding judge. Scheduling Order, CV 04-99 (HCN Tr. Ct., Sept. 8, 2005) at 5.
7. On or before September 16, 2005, the parties must inform the Court of whether each intends to voluntarily participate in the Settlement Conference. LPER, 01:54:59 CDT.
8. On September 17, 2005, the General Council will convene its annual meeting. See Const., Art. IV, § 5.
9. The GCPC may assert that it maintains authority to negotiate on behalf of the General Council. See supra, note 1, at a.[2]
*208 DECISION
The Court harbors serious doubt as to whether the General Council, or its agents, has conferred settlement authority upon its appointed legal representative, and Attorney Michael P. Mullen, Sr. likely shares this concern. See LPER, 01:51:44 CDT. The Judiciary has never directly addressed the scope of authority maintained by either the GCPC or Office of the General Council as currently composed under the laws of the Nation. Perhaps, the General Council’s legal representative may exercise some level of prosecutorial discretion under the auspices of his appointment, provided that the appointment arose from the Ho-Chunk Nation Department of Justice. Dep’t of Justice Establishment & Oeg. Act ok 2001, 1 HCC § 8.4a-d. Regardless, any such appointee must remain mindful of his or her professional responsibilities as related to pursuing settlement. SCR 20:1.2(a, c).
Only the General Council can either consent to an offer of settlement or delegate an individual or entity to do so on its behalf. See Const., Art. III, § 3 (defining separation of powers). The Court shall not preside; over a Settlement Conference unless the General Council’s legal representative can unequivocally state that the General Council has authorized its agent to fully participate in settlement negotiations. If not already conferred, the legal representative may seek such authority from the General Council at its September 17, 2005 Annual Meeting.

. At its October 21, 2000 Annual Meeting, the Ho-Chunk Nation General Council (hereinafter General Council) adopted a resolution for the apparent purpose of establishing a policy whereby the General Council Planning Committee (“GCPC”), as then comprised, would continue to serve its "traditional function! 1” of "arranging the annual [and] special General Council meetings.” Gen. Council Res. 10-21-00A; see also Constitution of the Ho-Chunk Nation (hereinafter Constitution), Art. IV, § 3(a). Prior to this action, the Ho-Chunk Nation Legislature (hereinafter Legislature) drafted the HCN Planning Comm. Establishment Act (hereinafter GCPC Establishment Act), and posted it for public comment until October 23, 2000. GCPC Establishment Act, § 15 at 4. The Legislature enacted the GCPC Establishment Act on February 13, 2001, Id. Subsequently, Matthew J. Mullen, Tribal ID# 439A003208, proposed a resolution to reverse the GCPC Establishment Act at the October 27, 2001 Annual General Council Meeting in order to increase GCPC membership to its earlier level as recognized in Gen. Council Res. 10-21-00A. Gen. Council Meeting Mins. (Oct. 27, 2001) at 6; see also Const., Art. IV, § 3(b). The resolution failed due to lack of quorum. Id. Most recently, David A. Hanson, Tribal ID# 439A001185, proposed a similar resolution to reverse the GCPC Establishment Act at the October 11, 2003 Annual General Council Meeting. Gen. Council Res. 10-11-03E. The General Council passed this resolution, which also purports to "replace the language of the Act of the Legislature of February 13, 2001” with an amended version that vests substantially greater authority in the GCPC. Id. at 2. For example, the GCPC would maintain power to “carry[ ] out directives of the General Council” and “assist the President” in his or her ”execut(.ion], administration), and enforce[ment of] the laws of the Ho-Chunk Nation.” Id. at 3-4 (referencing Const.. Art. VI, § 2(/)). As of the entrance of this order, the Legislature has not rescinded the GCPC Establishment Act.

. At the 2003 Annual Meeting, the General Council adopted a contemporaneous resolution, which appears to conflict, in some respects, with the proposed changes to the GCPC Establishment Act as incorporated into Gen. Council Res. 10-11-03E. See Gen. Council Res. 10-11-03L (advocating the creation of an Office of the General Council “for the purpose of enforcing the wishes of the General Council”). The tribal newsletter published job descriptions for the Office of General Council prior to the Annual General Council Meeting in response to a previous General Council resolution that also purportedly ere- *208 ated the Office of General Council. Office of Gen. Council, Hocak Worak, Feb. 12, 2003, at 7 (quoting Gen. Council Res. 10-27-01F).